Merrick, P.J.
On or before November 7,1991, the plaintiff delivered hay at the request of the defendant to the defendant’s property, Hidden Meadow Farm at 122 Prides Crossing in Sudbury, Massachusetts. The plaintiff continued to deliver hay at the defendant’s order several times a month, providing an invoice with each delivery, through October 23, 2000. The plaintiff also sent periodic statements of account to the defendant which reflected invoice charges and payments. The account was paid in full as of November 11,1991.
Commencing on or before November 7,1991, each successive statement of account mailed by the plaintiff bore the written notation “Finance charge of lj% per month on balance over 30 days.” The defendant continued ordering hay after receiving the statements of account bearing the interest notation. After December 15,1991, the defendant began to run a small account balance, although not of sums more than 30 days overdue. In April of 1992, the defendants balances began to exceed $1,000.00 and were carried for more than 30 days. By the end of January, 1993, the defendants account balance had reached $4,616.83, although the plaintiff had still not imposed any finance charges.
On the February 8, 1993 account statement, the plaintiff made the notation “Finance charges will be added on next bill.” Thereafter, the plaintiff added finance charges to each monthly statement. The defendant continued to make payments by check, but never kept up with new charges. As of February 4,1994, her balance had increased to $6,100.58, which included $642.98 in finance charges. On February 17,1994, the defendant wrote a check for $6,100.58, thereby paying off her entire account balance including finance charges.
*142 Thereafter, the parties continued as before. The defendant again fell into arrears on payments for deliveries and the plaintiff made monthly finance charges on amounts more than 30 days overdue. The defendant sent some checks, but never enough to keep up with the price of deliveries. At the time of the last hay delivery on October 23, 2000, her account balance was $16,335.57. The defendant had not made a payment since September 25,1999.
On December 18, 2000, the defendant wrote that she would pay the plaintiffs “complete bill” over the next few months. The bill was not paid, however, and the plaintiff brought this action to recover the unpaid balance.
After a bench trial, the judge entered a finding for the plaintiff and assessed damages against the defendant in the amount of $24,128.41. A considerable amount of the assessed damages represented accrued finance charges. The judge specifically found “that there was a written agreement for the payment of lj% per month on balances due over 30 days.”
The defendant filed this Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal on a charge of error in the courtis assessment of finance charges of l|%.
It is undisputed that a party may not recover upon a contract for interest of more than 6% per annum “unless the agreement to pay it is in writing.” G.L.c. 107, §3. The trial judge found that there was a contract in -writing between the parties and the defendant contests the sufficiency of the evidence to support that finding.
While G.L.c. 107, §3 dictates that finance charges in the amount awarded in this case cannot be recovered absent an “agreement... in writing,” the statute does not set forth the requirements for such a writing. The statute does not specify whether the interest agreement must be both “in writing and signed by the party to be charged [emphasis supplied],” as is required by the Statute of Frauds, G.L.c. 259, §1. The writings in the present case, however, are sufficient to satisfy even the more stringént requirements of G.L.c. 259.
To satisfy the statute of frauds, a memorandum of a contract need only give assurance that the contract enforced was in fact made and provide evidence of its terms. It may consist of several separate documents, even though not all of them are signed and even though no one of them is itself a sufficient memorandum. At least one must be signed by the party to be charged, and the documents and circumstances must be such that the documents can be read together as ‘some memorandum or note’ of the agreement.
RESTATEMENT (SECOND) OF CONTRACTS §132, comment a (1981).
It is no disqualification of the defendant’s written acknowledgment of her undertaking to pay the plaintiff’s “complete bill” (which included the finance charges) that her letter was not written until December 18, 2000. Johnson v. Trinity Church Society, 11 Allen (93 Mass.) 123, 125-127 (1865). See CORBIN, On CONTRACTS §22.8 at 743-744 (rev. ed. 1997). In addition to that letter, checks signed by the defendant paying prior finance charges were in evidence.
The record shows that “all of the different papers which are so to be considered together were brought to the attention of both parties, and were linked together in their minds, so that the parties themselves may be found to have adopted all the papers as the expression of their purpose.” Nickerson v. Weld, 204 Mass. 346, 356 (1910). The judge properly found an “agreement... in writing” sufficient to satisfy G.L.c. 107, §3.
Judgment affirmed.
So ordered.